**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| **KIMBERLY STARLING**, on behalf of herself and all others similarly situated, | Civil Case No.: 3:21-cv-818-S |
| *Plaintiff*, v. | **SECOND AMENDED COMPLAINT - CLASS ACTION** |
| **KEYCITY CAPITAL, LLC and TIE LASATER** | |
| Defendant KeyCity | |

## INTRODUCTION

1.     This action arises out of Defendant, KeyCity Capital, LLC's ("Defendant" or "KeyCity"), practice of making prerecorded telemarketing calls to individuals on the National Do-Not-Call Registry without prior express written consent (or any consent whatsoever), in violation of two separate provisions of the Telephone Consumer Protection Act, 47 U.S.C. § 227, *et seq.* ("TCPA") and provisions of the Texas Business & Commerce Code.

2.     Plaintiff has done no business with Defendant KeyCity and has never provided Defendant KeyCity prior express written consent to call her telephone with prerecorded messages.

3.     Plaintiff's telephone number was registered on the National Do-Not-Call Registry at the time of the calls.

4.     Accordingly, Plaintiff brings this TCPA action on behalf of herself and four classes of similarly situated individuals under 47 U.S.C. §§ 227(b) and 227(c), and Texas Business & Commerce Code §§ 302.302(a) and 305.053.

## JURISDICTION AND VENUE

5.     This Court has subject matter jurisdiction under 28 U.S.C. § 1331, as this action arises under the TCPA, which is a federal statute.

6.     This Court also has supplemental jurisdiction over the state law claims under 28 U.S.C. § 1367(a), because it is so closely related to the federal claims that they form a single case or controversy.

7.     This Court has jurisdiction over KeyCity because KeyCity conducts business transactions in this District and has committed tortious acts in this District.

8.     Venue is proper in this District because Defendant KeyCity conducts significant amounts of business transactions within this District and because some of the wrongful conduct giving rise to this case occurred in, was directed to, and/or emanated from this District.

## PARTIES

9.     Plaintiff Kimberly Starling ("Starling") is, and at all times mentioned herein was, a citizen and resident of Southlake, Texas.

10.    Plaintiff is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153(39).

11.    Plaintiff is, and at all times mentioned herein was, a "person" as defined by Tex. Bus. & Com. Code § 1.201(b)(27)

12.    Plaintiff is, and at all times mentioned herein was, a "purchaser" as defined by Tex. Bus. & Com. Code § 302.001(3).

13.    Defendant Tie Lasater is a resident of Texas and an owner of Defendant KeyCity.

14.    Defendant Tie Lasater is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

2

15.     Defendant Tie Lasater is, and at all times mentioned herein was, a "person" as defined by Tex. Bus. & Com. Code § 1.201(b)(27).

16.     Defendant KeyCity is, and at all times mentioned herein was, a Texas limited liability company headquartered at 1209 South White Chapel Blvd. Suite 180, Southlake, Texas 76092.

17.     Defendant KeyCity is, and at all times mentioned herein was, a "person" as defined by 47 U.S.C. § 153 (39).

18.     Defendant KeyCity is, and at all times mentioned herein was, a "person" as defined by Tex. Bus. & Com. Code § 1.201(b)(27).

19.     Defendant KeyCity is, and at all times mentioned herein was, a "seller" as defined by Tex. Bus. & Com. Code § 302.001(5).

## GENERAL FACTUAL ALLEGATIONS

20.     Defendant KeyCity, or someone acting on its behalf and at its direction, makes prerecorded telemarketing calls marketing its investment funds and services.

21.     Upon information and belief, Defendant KeyCity, or someone acting on its behalf and at its direction, utilizes a mechanism or technology that allows Defendant KeyCity to leave a "ringless" voicemail that delivers a prerecorded message to the recipient's telephone.

22.     Upon information and belief, Defendant KeyCity, or someone acting on its behalf and at its direction, places two calls very close in time, which causes the second telephone call to terminate directly in the recipient's voicemail, allowing Defendant KeyCity to play its prerecorded message.

23.     The first telephone call comes from an unknown number that does not provide a "Caller ID."

24.    The first call terminates after a brief duration (e.g., less than a single ring).

25.    Because each of these calls were advertising, or a pretext for advertising Defendant KeyCity's products and/or services, they constitute telemarketing and telephone solicitations.

### PLAINTIFF STARLING'S FACTUAL ALLEGATIONS

26.    Plaintiff Starling is the user of a cellular telephone number ending in 6140.

27.    Plaintiff Starling's cellular telephone number ending in 6140 is a residential number.

28.    Plaintiff Starling does not have a landline with an active ringer; Plaintiff Starling's cellular number is used for all her telephone needs.

29.    Plaintiff Starling's cellular telephone number ending in 6140 is a telephone number assigned to a cellular telephone service. *Breda v. Cellco P'ship*, 934 F.3d 1, 4–5 (1st Cir. 2019); *Susinno v. Work Out World, Inc.*, 862 F.3d 346, 349 (3d Cir. 2017); *Osorio v. State Farm Bank*, 746 F.3d 1242, 1257 (11th Cir. 2014); *Satterfield v. Simon & Schuster, Inc.*, 569 F.3d 946 (9th Cir. 2009); *Diugosh v. Directbuy, Inc. of San Antonio*, 2013 WL 5773043 (W.D. Tex. Oct. 24, 2013).

30.    Plaintiff Starling's telephone number ending in 6140 has been on the National Do-Not-Call Registry since December 31, 2004.

31.    Plaintiff Starling received Defendant KeyCity's prerecorded telephone calls on her cellular residential number ending in 6140 as described herein.

32.    On February 19, 2021 at 1:47 PM, Plaintiff Starling received a call from an "unknown number" that displayed "No Caller ID."

33.    On February 19, 2021 at 1:48 PM, a voicemail message from the number (817) 912-1569 appeared in Plaintiff Starling's mailbox.

34.    On February 22, 2021 at 2:23 PM, Plaintiff Starling received a call from an

"unknown number" that displayed "No Caller ID."

35.     On February 22, 2021 at 2:24 PM, a voicemail message from the number (817) 912-1569 appeared in Plaintiff Starling's mailbox.

36.     Plaintiff Starling never provided prior express written consent (or any consent) to Defendant KeyCity for these telephone calls.

## INDIVIDUAL LIABILITY OF LASATER

37.     Lasater recorded the prerecorded messages that were sent to Plaintiff and the Class Members.

38.     Lasater uploaded the prerecorded messages to SlyBroadcast.com, a web-based service that makes the calls.

39.     Lasater also uploaded the phone numbers to be called to SlyBroadcast.com

40.     Lasater individually, and on behalf of KeyCity, obtained residential addresses from the U.S. Postal Service for specific zip codes.

41.     Lasater individually, and on behalf of KeyCity, arranged for idiData.com to perform a "reverse lookup" on the residential addresses to obtain phone numbers associated with the addresses.

42.     Lasater designed, approved and implemented the calling/marketing campaign that resulted in the calls to Plaintiff and the Class Members.

43.     Lasater participated in the illegal telemarketing by personally designing the calling/marketing campaigns, approving the calling/marketing campaigns, participating in the calling/marketing campaigns and directing the activities of the individuals that made the calls.

44. Thus, at all times relevant hereto, Lasater, acting in concert with Defendant KeyCity, has formulated, directed, controlled, had the authority to control, or otherwise participated in the acts and practices set forth in this Complaint.

45. Individuals acting on behalf of a corporation may be held personally liable for violations of the TCPA if they "had direct, personal participation in or personally authorized the conduct found to have violated the statute." *Texas v. Am. Blastfax, Inc.,* 164 F.Supp.2d 892, 898 (W.D.Tex. 2001)("[A]n officer may be personally liable under the TCPA if he had direct, personal participation in or personally authorized the conduct found to have violated the statute, and was not merely tangentially involved. Individuals who directly (and here, knowingly and wilfully) violate the TCPA should not escape liability solely because they are corporate officers.").

46. A number of other federal district courts have concluded that individuals acting on behalf of a corporation may be held personally liable under the TCPA when they directly participated in, or personally authorized, the violative conduct. *See City Select Auto Sales Inc. v. David Randall Assocs., Inc*., 885 F.3d 154, 161 (3rd Cir. 2018)*; Bais Yaakov of Spring Valley v. Graduation Source, LLC*, No. 14-CV-3232 (NSR), 2016 WL 1271693, at *5 (S.D.N.Y. Mar. 29, 2016); *Sandusky Wellness Ctr., LLC v. Wagner Wellness, Inc.*, No. 3:12 CV 2257, 2014 WL 1333472, at *3 (N.D. Ohio Mar. 28, 2014); *Maryland v. Universal Elections,* 787 F. Supp. 2d 408, 416 (D.Md. 2011)(reasoning that "if an individual acting on behalf of a corporation could avoid individual liability, the TCPA would lose much of its force"); *Baltimore-Washington Tel. Co. v. Hot Leads Co., LLC*, 584 F. Supp. 2d 736, 745 (D. Md. 2008).

## **DEFENDANT KEYCITY'S LIABILITY**

47. Because Defendant KeyCity's calls constitute telemarketing, Defendant KeyCity was required to obtain prior express written consent from the persons to whom Defendant KeyCity

6

made calls.

48.     "Prior express written consent" is specifically defined by statute as:

[A]n agreement, in writing, bearing the signature of the person called <u>that clearly autorizes the seller to deliver or cause to be delivered to the person called advertisements or telemarketing messages using an automatic telephone dialing system or an artificial or prerecorded voice</u>, and the telephone number to which the signatory authorizes such advertisements or telemarketing messages to be delivered.

47 C.F.R. §64.1200(f)(8)

49.     Plaintiff Starling never provided Defendant KeyCity with any consent, written or otherwise.

50.     Accordingly, each of Defendant KeyCity's telemarketing calls to Plaintiff Starling using an artificial or prerecorded voice violated 47 U.S.C. § 227(b).

51.     For violations of 47 U.S.C. § 227(b), Plaintiff is entitled to a minimum of $500 per call.

52.     Plaintiff is entitled to $1500 per call if Defendant KeyCity's actions are found to be knowing or willful.

53.     In addition, the TCPA prohibits making "any telephone solicitation" to a telephone number on the National Do-Not-Call Registry. 47 U.S.C. § 227(c); 47 C.F.R. § 64.1200(c); 47 C.F.R. § 64.1200(e).

54.     Plaintiff's number was on the National Do-Not-Call Registry prior to the calls.

55.     While the exact number of calls to Plaintiff's telephone number will be determined in discovery, Plaintiff has received more than two (2) such telemarketing calls in a 12-month period, as required by 47 U.S.C. § 227(c) for violations of § 227(c).

56.     Accordingly, for violations of 47 C.F.R. § 64.1200(c), Plaintiff is entitled to an additional $500 per call.

57.     Plaintiff is entitled to an additional $1500 per call if Defendant KeyCity's actions are found to be knowing or willful.

58.     In addition, pursuant to § 305.053(a) of the Texas Business & Commerce Code, a person who receives a communication that violates 47 U.S.C. § 227, or a regulation adopted under that provision, may bring an action against the person who originates the communication for an injunction, damages or both.

59.     As set forth above, Defendant KeyCity violated 47 U.S.C. § 227, or a regulation adopted under that provision.

60.     Accordingly, Plaintiff is entitled to a permanent injunction, and the greater of $500.00 for each violation or Plaintiff's actual damages for each call made by Defendant KeyCity. *See* Tex. Bus. & Com. Code § 305.053(b).

61.     Plaintiff is entitled to an additional $1500 per call if Defendant KeyCity's actions are found to be knowing or intentional.  *See* Tex. Bus. & Com. Code § 305.053(c).

62.     In addition, pursuant to § 302.101 of the Texas Business & Commerce Code, a seller is prohibited from engaging in telephone solicitation from a location in this state or to a purchaser located in this state unless the seller obtains a registration certificate from the Office of the Secretary of State for the business location from which the solicitation is made.

63.     Defendant KeyCity violated § 302.101 of the Texas Business & Commerce Code when it engaged in telephone solicitation without obtaining a registration certificate from the Office of the Secretary of State.

64.     Accordingly, for violations of § 302.101 of the Texas Business & Commerce Code, Plaintiff is entitled to an award of no more than $5,000 for each violation pursuant to § 302.302(a) of the Texas Business & Commerce Code.

65.     In addition, pursuant to § 302.302(d) of the Texas Business & Commerce Code, Plaintiff is entitled to recover all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney's fees.

66.     Plaintiff has suffered concrete harm because of Defendant KeyCity's unwanted and unsolicited telemarketing calls, including, but not limited to:

- Lost time tending to and responding to the unsolicited calls and voicemail messages;

- The unavailability of her phone to send phone calls or messages while listening to the illegal prerecorded voicemail messages;

- Invasion of privacy; and

- Nuisance.

67.     These forms of actual injury are sufficient for Article III standing purposes.

## CLASS ACTION ALLEGATIONS

68.     Plaintiff brings this action under Fed. R. Civ. P. 23 on behalf of two categories of proposed "Classes," the "TCPA Classes" and the "Texas Classes" as defined as follows:

## THE TCPA CLASSES

Since April 6, 2017, Plaintiff and all persons within the United States to whose telephone number Defendant KeyCity placed (or had placed on its behalf) a prerecorded or artificial voice telemarketing call.

("TCPA 227(b) Class")

Since April 6, 2017, Plaintiff and all persons within the United States to whose telephone number Defendant KeyCity placed (or had placed on its behalf) two or more telemarketing calls in a 12-month period when the telephone number to which the telephone calls were made was on the National Do-Not-Call Registry at the time of the calls.

("TCPA 227(c) Class")

## TEXAS CLASSES

Since April 6, 2017, Plaintiff and all residents of the State of Texas to whose telephone number Defendant KeyCity placed (or had placed on its behalf) a telephone solicitation when Defendant KeyCity did not hold a registration certificate as required by Tex. Bus. & Com. Code § 302.101.

("Texas § 302.101 Class").

Since April 6, 2017, Plaintiff and all residents of the State of Texas to whose telephone number Defendant KeyCity: (1) placed (or had placed on its behalf) a call in violation of 47 U.S.C. § 227(b) or (2) Defendant KeyCity placed (or had placed on its behalf) a call in violation of 47 U.S.C. § 227(c).

("Texas § 305.053 Class")

(The TCPA Classes and the Texas Classes are collectively referred to herein as the "Classes.")

69.     Excluded from the Classes are Defendant KeyCity and any entities in which Defendant KeyCity has a controlling interest; Defendant KeyCity's agents and employees; any Judge and Magistrate Judge to whom this action is assigned and any member of their staffs and immediate families, and any claims for personal injury, wrongful death, and/or emotional distress.

70.     The Members of the Classes for whose benefit this action is brought are so numerous that joinder of all members is impracticable.

71.     The exact number and identities of the persons who fit within the Classes are ascertainable in that Defendant KeyCity and third parties maintain written and electronically stored data showing:

    a.   The time period(s) during which Defendant KeyCity placed its calls;

    b.   The telephone numbers to which Defendant KeyCity placed its calls;

    c.   The telephone numbers for which Defendant KeyCity had prior express written consent;

    d.  The purposes of such calls; and

    e.  The names and addresses of Class members.

72.  The Classes are comprised of hundreds, if not thousands, of individuals.

73.  There are common questions of law and fact affecting the rights of the Members of the Classes, including, *inter alia*, the following:

    a.  Whether Defendant KeyCity (or someone acting on its behalf) used an artificial or prerecorded voice in placing its calls;

    b.  Whether Defendant KeyCity (or someone acting on its behalf) obtains prior express written consent;

    c.  Whether Defendant KeyCity (or someone acting on its behalf) makes solicitations and telemarketing calls to telephone numbers registered on the National Do-Not-Call Registry;

    d.  Whether Defendant KeyCity had the requisite registration certificate as required by Tex. Bus. & Com. Code § 302.101 when making telephone solicitations;

    e.  Whether Plaintiff and the Classes were damaged thereby, and the extent of damages for such violations; and

    f.  Whether Defendant KeyCity should be enjoined from engaging in such conduct in the future.

74.  Plaintiff is a member of the Classes in that Defendant KeyCity placed two or more prerecorded telemarking calls to her phone in a one-year period when her telephone number was on the National Do-Not-Call Registry.

75.     Plaintiff's claims are typical of the claims of the Members of the Classes in that they arise from Defendant KeyCity's uniform conduct and are based on the same legal theories as these claims.

76.     Plaintiff and all putative Members of the Classes have also necessarily suffered concrete harm in addition to statutory damages, as all Members of the Classes spent time tending to Defendant KeyCity's unwanted calls and suffered a nuisance and an invasion of their privacy.

77.     Plaintiff has no interests antagonistic to, or in conflict with, the Classes.

78.     Plaintiff will thoroughly and adequately protect the interests of the Classes, having retained qualified and competent legal counsel to represent her and the Classes.

79.     Defendant KeyCity has acted and refused to act on grounds generally applicable to the Classes, thereby making injunctive and declaratory relief appropriate for the Classes.

80.     The prosecution of separate actions by individual class members would create a risk of inconsistent or varying adjudications.

81.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy since, *inter alia*, the damages suffered by each class member make individual actions uneconomical.

82.     Common questions will predominate, and there will be no unusual manageability issues.

**FIRST CAUSE OF ACTION AGAINST BOTH DEFENDANTS**
**Violations of the TCPA, 47 U.S.C. § 227(b)**
**(On Behalf of Plaintiff and the TCPA 227(b) Class)**

83.     Plaintiff and the proposed TCPA 227(b) Class incorporate the foregoing allegations as if fully set forth herein.

84.     Defendants KeyCity and Lasater placed, or had placed on their behalf, prerecorded telemarketing telephone calls to Plaintiff's and TCPA 227(b) Class Members' telephone numbers without prior express written consent.

85.     Defendants KeyCity and Lasater have therefore violated 47 U.S.C. § 227(b).

86.     As a result of Defendants KeyCity's and Lasater's unlawful conduct, Plaintiff and TCPA 227(b) Class Members are entitled to an award of $500 in statutory damages for each call, pursuant to 47 U.S.C. § 227(b)(3)(B).

87.     Plaintiff and TCPA 227(b) Class Members are entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(b)(3).

**SECOND CAUSE OF ACTION AGAINST BOTH DEFENDANTS**
**Violations of the TCPA, 47 U.S.C. § 227(c)**
**(On Behalf of Plaintiff and the TCPA 227(c) Class)**

88.     Plaintiff and the proposed TCPA 227(c) Class incorporate the foregoing allegations as if fully set forth herein.

89.     Defendants KeyCity and Lasater placed, or had placed on their behalf, prerecorded telemarketing telephone calls to Plaintiff's and TCPA 227(c) Class Members' residential telephone numbers.

90.     Plaintiff's and TCPA 227(c) Class Members' telephone numbers were all on the National Do-Not-Call Registry at the time of calls.

91.     Plaintiff and TCPA 227(c) Class Members each received two or more such calls in a 12-month period.

92.     Plaintiff and TCPA 227(c) Class Members are entitled to an award of $500 in statutory damages for each call pursuant to 47 U.S.C. § 227(c)(5).

93.     Plaintiff and TCPA 227(c) Class Members are entitled to an award of treble damages in an amount up to $1,500 for each call made knowingly and/or willfully, pursuant to 47 U.S.C. § 227(c)(5).

**THIRD CAUSE OF ACTION AGAINST KEYCITY**
**Violations of Texas § 302.101 Class**
**(On Behalf of Plaintiff and the Texas § 302.101 Class)**

94.     Plaintiff and the proposed Texas § 302.101 Class incorporate the foregoing allegations as if fully set forth herein.

95.     Defendant KeyCity failed to obtain a registration certificate from the Office of the Secretary of State pursuant to violated § 302.101 of the Texas Business and Commerce Code.

96.     Defendant KeyCity placed, or had placed on its behalf, telephone solicitations to Plaintiff's and Texas § 302.101 Class Members' telephone numbers.

97.     Defendant KeyCity's telephone solicitations were made from a location in Texas or to a Plaintiff and Texas § 302.101 Class Members located in Texas.

98.     Plaintiff and Texas § 302.101 Class Members are entitled to an award of up to $5000 for each violation and all reasonable cost of prosecuting the action, including court costs and investigation costs, deposition expenses, witness fees, and attorney's fees.

**FOURTH CAUSE OF ACTION AGAINST BOTH DEFENDANTS**
**Violations of Texas § 305.053 Class**
**(On Behalf of Plaintiff and the Texas § 305.053 Class)**

99.     Plaintiff and the proposed Texas § 305.053 Class incorporate the foregoing allegations as if fully set forth herein.

100.    Defendants KeyCity and Lasater placed, or had placed on their behalf, in a 12-month period more than one prerecorded telemarketing telephone calls to Plaintiff's and Texas § 305.053 Class Members' telephone numbers.

101.    Each of these calls violated 47 U.S.C. § 227(b) and/or 47 U.S.C. § 227(c).

102.    Plaintiff and Texas § 305.053 Class Members are entitled to:

a.    a permanent injunction to prevent any further violations of the Texas Business & Commerce Code, Chapter 305;

b.    the greater of $500 for each violation or Plaintiff's and Texas § 305.053 Class Members' actual damages (*see* Tex Bus. & Com. Code §304.053(b);

c.    the greater of $1,500 for each violation or Plaintiff's and Texas § 305.053 Class Members' actual damages for each call made knowingly or intentionally (*see* Tex. Bus. & Com. Code §304.053(c).

## PRAYER FOR RELIEF

**WHEREFORE**, Plaintiff, individually and on behalf of the Classes, prays for the following relief:

A.    An order certifying the Classes as defined above, appointing Plaintiff as the representatives of the Classes and appointing their counsel as Class Counsel;

B.    An order declaring that Defendants KeyCity's and Lasater's actions, as set out above, violate 47 U.S.C. §§ 227(b) and (c);

C.    An order declaring that Defendants KeyCity's and Lasater's actions, as set out above, violate Tex. Bus. & Com. Code § 302.101.

D.    An award of injunctive and other equitable relief as necessary to protect the interests of the Classes, including, *inter alia*, an order prohibiting Defendants KeyCity and

Lasater from engaging in the wrongful and unlawful acts described herein;

     E.     An award of statutory damages;

     F.     An award of treble damages;

     G.     An award of reasonable attorneys' fees and costs, including the costs set forth

pursuant to Tex. Bus. & Com. Code § 302.302(d); and

     H.     Such other and further relief that the Court deems reasonable and just.

**JURY DEMAND**

Plaintiff requests a trial by jury of all claims that can be so tried.

Respectfully submitted,

By:   */s/ Chris R. Miltenberger*
      Chris R. Miltenberger
      Texas Bar Number: 14171200

**The Law Office of Chris R.**
**Miltenberger, PLLC**
1360 N. White Chapel, Suite 200
Southlake, Texas 76092-4322
817-416-5060 (office)
817-416-5062 (fax)
chris@crmlawpractice.com

Max S. Morgan, Esquire
Eric H. Weitz, Esquire
THE WEITZ FIRM, LLC
1528 Walnut Street, 4th Floor
Philadelphia, PA 19102
Tel: (267) 587-6240
Fax: (215) 689-0875
max.morgan@theweitzfirm.com
eric.weitz@theweitzfirm.com
(Pro Hac Vice Forthcoming)

**Attorneys for Plaintiff**

**Certificate of Service**

The undersigned certifies that the foregoing document was filed electronically through the Court's CM/ECF system in compliance with the Local Rules.

By:   */s/ Chris R. Miltenberger*
      Chris R. Miltenberger