# United States District Court
**NORTHERN DISTRICT OF TEXAS**
**DALLAS DIVISION**

| | |
|---|---|
| KIMBERLY STARLING, on behalf of herself and all others similarly situated § § § | |
| v. § | CIVIL ACTION NO. 3:21-cv-0818-S |
| § § | |
| KEYCITY CAPITAL, LLC § | |

## SCHEDULING ORDER

Pursuant to Rule 16(b) of the Federal Rules of Civil Procedure ("FRCP"), the Local Civil Rules of the United States District Court for the Northern District of Texas ("LR"), and the Civil Justice Expense and Delay Reduction Plan of the United States District Court for the Northern District of Texas (the "Plan"), the Court ORDERS as follows:

1. This case is set for **jury** trial on the Court's three-week docket beginning **February 6, 2023** (the "Trial Setting"). Trial may commence any time during this three-week docket. If the case is not reached at this setting, it will be reset after considering input from the parties. Reset or continuance of the Trial Setting does not alter the deadlines in this Order unless expressly provided by court order.

2. The parties shall mediate this case before **The Hon. Morton Denlow** (the "Mediator") at least 90 days before the Trial Setting. The parties may not eliminate this requirement or substitute the Mediator except by leave of court. All parties must attend the mediation in person or by videoconference, as directed by the mediator. Legal entities must provide a representative with full authority. If there is insurance involved, a representative with full authority must attend. The Mediator shall contact the Court directly if this deadline needs to be extended or if other requirements need to be altered.

3. Unless otherwise indicated, the parties may by written agreement alter the deadlines in this paragraph without the need for court order. No continuance of the Trial Setting, motion deadline, or the final pretrial conference will be granted due to agreed extensions of these deadlines. Motions may become moot due to trial if filed after the deadlines in this Order. Deadlines are as follows:

| | | |
|---|---|---|
| a. November 1, 2021 | – | Motions for leave to join additional parties; |
| b. November 1, 2021 | – | Motions for leave to amend pleadings; |
| c. January 5, 2022 | – | Disclosure of experts for the party with burden of proof; |
| d. February 5, 2022 | – | Disclosure of opposing experts; |
| e. March 1, 2022 | – | Disclosure of rebuttal experts; |
| f. April 1, 2022 | – | Motions for Rule 23 class certification; |
| g. May 1, 2022 | – | Discovery closes; discovery requests must be commenced in time to permit response by this date; |
| h. July 1, 2022 | – | All motions, including any objections to expert testimony. This deadline must be at least 120 days before trial. Parties may not alter this deadline for dispositive motions or objections to/motions to strike expert testimony. |

4. To facilitate orderly preparation for trial, the Court conducts an expedited discovery hearing docket on Friday afternoons. Any party may request expedited hearing of a discovery dispute. Requests must be made by motion and may be made concurrently with filing the discovery motion. If the matter is accepted for setting on the discovery docket, the Court will advise the parties of applicable procedures by separate order. Seeking relief from the Court on

discovery disputes prior to conducting a meaningful, substantive conference with the opposing party is strongly discouraged.

5. A motion or objection to the taking of a deposition that is filed within five business days of the notice has the effect of staying the deposition pending court order on the motion or objection; otherwise the deposition will not be stayed except by court order.

6. The parties shall file all pretrial materials 21 days before the Trial Setting. Failure to timely file pretrial materials may result in dismissal for want of prosecution. Pretrial materials shall include the following:

a. Pretrial order pursuant to LR 16.4;

b. Exhibit lists, witness lists, and deposition designations pursuant to LR 26.2 and FRCP 26(a)(3). Witness lists should include a brief summary of the substance of anticipated testimony (not just a designation of subject area) and the likelihood of testimony at trial. Exhibit lists must include any materials to be shown to the jury, including demonstrative aids;

c. Proposed jury charge or proposed findings of fact and conclusions of law. Such documents shall be both e-filed and emailed in "Word" format to Scholer_Orders@txnd.uscourts.gov. Any objections to the proposed jury charge shall be filed no later than 5 days before the final pretrial conference. Objections not so disclosed are waived unless excused by the Court for good cause;

d. Motions in limine;

e. Requested voir dire questions.

7. The pretrial conference shall be held on **January 19, 2023, at 1:30 p.m.** Lead counsel must attend. The parties shall be prepared to address all exhibits, witnesses, deposition excerpts, motions in limine, trial briefs, requested voir dire questions, and any objections to such filings. The Court expects the parties to have conferred and reach agreement where possible prior

to the final trial conference. The parties shall bring their proposed exhibits labeled as required by LR 26.2(a).

**SO ORDERED.**

SIGNED August 31, 2021.

                                            **KAREN GREN SCHOLER**
                                            **UNITED STATES DISTRICT JUDGE**