# United States District Court
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| KIMBERLY STARLING, on behalf of herself and all others similarly situated | § § § | |
| v. | § § | CIVIL ACTION NO. 3:21-CV-818-S |
| KEYCITY CAPITAL, LLC and TIE LASATER | § § § | |

## MEMORANDUM OPINION AND ORDER

This Memorandum Opinion and Order addresses Plaintiff's Motion to Compel Discovery Responses ("Motion") [ECF No. 33]. Having reviewed and considered the Motion, Plaintiff's Brief in Support of Her Motion to Compel Discovery Responses ("Plaintiff's Brief") [ECF No. 34], Defendants' Brief in Opposition to Plaintiff's Motion to Compel Discovery Responses ("Response") [ECF No. 37], Plaintiff's Reply in Support of Her Motion to Compel Discovery Responses [ECF No. 38], and the parties' arguments at the January 12, 2022, hearing and subsequent Joint Filing Regarding Discovery [ECF No. 43], the Court **GRANTS IN PART** the Motion.

### I.   BACKGROUND

Plaintiff Kimberly Starling ("Plaintiff") brings this putative class action against Defendants KeyCity Capital, LLC and Tie Lasater (collectively, "Defendants") based on Defendants' alleged prerecorded telemarketing calls to Plaintiff and other consumers in violation of the Telephone Consumer Protection Act ("TCPA"), 47 U.S.C. § 227 *et seq.* and the Texas Business & Commerce Code. *See* 2d Am. Compl. [ECF No. 26]. Plaintiff claims that Defendants made prerecorded solicitation messages inviting her to a free dinner on February 24, 2021, in Southlake, Texas, at which Defendants would pitch their services and investments ("Southlake Event"). Pl.'s Br. 1.

Though Plaintiff only received messages relating to the Southlake Event, she claims that other putative class members were sent nearly identical prerecorded messages inviting them to similar events as part of the same general marketing campaign. *Id.* Plaintiff further alleges that Defendants made prerecorded telemarketing calls to Plaintiff and other individuals who had registered their telephone numbers on the National Do-Not-Call Registry in violation of the TCPA. *Id.* at 2.

Plaintiff proposes four putative classes, which are defined in relation to different provisions of the TCPA and Texas Business & Commerce Code allegedly violated by Defendants:

1. Since April 6, 2017, Plaintiff and all persons within the United States to whose telephone number Defendant KeyCity placed (or had placed on its behalf) a prerecorded or artificial voice telemarketing call;

2. Since April 6, 2017, Plaintiff and all persons within the United States to whose telephone number Defendant KeyCity placed (or had placed on its behalf) two or more telemarketing calls in a 12-month period when the telephone number to which the telephone calls were made was on the National Do-Not-Call Registry at the time of the calls;

3. Since April 6, 2017, Plaintiff and all residents of the State of Texas to whose telephone number Defendant KeyCity placed (or had placed on its behalf) a telephone solicitation when Defendant KeyCity did not hold a registration certificate as required by Tex. Bus. & Com. Code § 302.101; and

4. Since April 6, 2017, Plaintiff and all residents of the State of Texas to whose telephone number Defendant KeyCity: (1) placed (or had placed on its behalf) a call in violation of 47 U.S.C. § 227(b) or (2) Defendant KeyCity placed (or had placed on its behalf) a call in violation of 47 U.S.C. § 227(c).

2d Am. Compl. ¶ 68. Plaintiff is required to file a motion seeking class certification by April 1, 2022. *See* Scheduling Order [ECF No. 28].

According to Plaintiff, the putative class definitions include everyone who received prerecorded messages from Defendants soliciting attendance at dinners and other marketing events. Specifically, Plaintiff claims that Defendants obtained individual contact information and made ringless calls and automated voicemail messages inviting these individuals to dinner events

2

at which Defendants would pitch their financial services, including the Southlake Event for which Plaintiff was solicited. Jan. 12, 2022 Hr'g Tr. 3:21-4:9. Defendants allegedly used an identical process to obtain contact information and solicit individuals to several other dinner events in the Dallas-Fort Worth area in addition to an event in Naples, Florida, at which Defendants would similarly pitch their services ("Other Events"). *Id.* at 4:10-24. Plaintiff thus claims that putative class members include recipients of calls regarding the Southlake Event and the Other Events.

At issue for purposes of this Motion are Nos. 11-13 of Plaintiff's Requests for Production ("RFPs") and Nos. 1 and 5 of Plaintiff's Interrogatories, which seek documents and information relating to all telephone calls placed to the proposed class members, including the telephone numbers called, the dates and times of the calls, and the results of the calls. Pl.'s Br. 5; RFPs 11-13, Interrogatory Nos. 1, 5 (Ex. A to Pl's Br. at 1-2, 5, 9-10). Although Plaintiff's Motion seeks call data for all calls placed to putative class members during the four-year statute of limitations period applicable to TCPA claims, Plaintiff has since agreed to limit the time period for the requested discovery to the period beginning January 1, 2021, to the present. *See* ECF No. 43.[1]

While it is undisputed that Defendants have produced call data and contact information for over 5,000 individuals relating to the specific Southlake Event for which Plaintiff herself was solicited ("Southlake Calls"), Plaintiff claims this information should also be produced for individuals who received calls or messages relating to the Other Events ("Other Calls") because they are also included in the four putative class definitions. Plaintiff asserts that discovery regarding the Other Calls is critical to showings she must make in her motion for class certification under Federal Rule of Civil Procedure 23. Plaintiff further contends that the TCPA's prohibition

---

[1] Plaintiff also agreed to limit the requested discovery to calls made using a certain third-party technology platform called SlyBroadcast, but any dispute regarding this limitation is not before the Court. *See* ECF No. 43.

on calls delivering prerecorded voice messages does not relate to the content of the message itself, and that Defendants improperly restrict the scope of permissible discovery by limiting their production to call data regarding the Southlake Calls. Accordingly, Plaintiff requests that Defendants' objections be overruled and class data for recipients of the Other Calls be produced.

Defendants contend that the requested discovery regarding the Other Calls is irrelevant and not proportional to the needs of the case at the precertification stage. Defendants further assert that Plaintiff's requests amount to a fishing expedition and seek to prematurely identify potential members of classes that should not be certified. Finally, Defendants object on the basis that the requests seek confidential and proprietary information.

## II. LEGAL STANDARD

### A. Motion to Compel

Federal Rule of Civil Procedure 26(b) allows a party to obtain discovery "regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case." FED. R. CIV. P. 26(b)(1). Relevant information includes "any matter that bears on, or that reasonably could lead to other matter that could bear on, any issue that is or may be in the case." *Oppenheimer Fund, Inc. v. Sanders*, 437 U.S. 340, 351 (1978).

A party seeking discovery may move for an order compelling discovery responses or production of documents requested. FED. R. CIV. P. 37(a)(3)(B)(iv). It is the moving party's burden to make an initial showing that the information is relevant. *See Moss v. Princip*, No. 3:14-CV-3088-BF, 2017 WL 2879694, at *1 (N.D. Tex. June 1, 2017); *S.E.C. v. AmerFirst Funding, Inc.*, No. 3:07-CV-1188-D, 2008 WL 926587, at *2 (N.D. Tex. Apr. 7, 2008) (noting that for purposes of a motion to compel, "[t]he burden lies with the moving party to show clearly that the information sought is relevant to the case and would lead to admissible evidence"). Once the

4

moving party establishes that the information and materials sought are within the scope of permissible discovery, the party resisting discovery must show specifically how each discovery request is irrelevant or otherwise objectionable. *See McLeod, Alexander, Powel & Apffel, P.C. v. Quarles*, 894 F.2d 1482, 1485 (5th Cir. 1990).

### *B. Class Certification Discovery*

Whether discovery will be allowed in connection with a motion for class certification under Federal Rule of Civil Procedure 23 "lies within the discretion of the trial court." *Stewart v. Winter*, 669 F.2d 328, 331 (5th Cir. 1982) (citation omitted). At the precertification stage, "as in all discovery matters, the district court has broad discretion in limiting the scope of discovery." *Id.* The Fifth Circuit has emphasized that in most cases, "a certain amount of discovery is essential in order to determine the class action issue and the proper scope of a class action." *Id.* (citing *Pittman v. E.I. duPont de Nemours & Co., Inc.*, 552 F.2d 149, 150 (5th Cir. 1977)). In light of Rule 23's mandate to determine class certification at "an early practicable time," the district court must be permitted to limit precertification discovery to "evidence that, in its sound judgment, would be helpful or necessary to the certification decision." *Id.* (citing *Cruz v. Estelle*, 497 F.2d 496, 499 (5th Cir. 1974)).

Plaintiffs seeking to certify a class must make certain showings under Rule 23(a): (1) numerosity, (2) commonality of issues, (3) typicality of the class representatives' claims in relation to the class, and (4) adequacy of the class representatives and their counsel to represent the class. *Ahmad v. Old Republic Nat'l Title Ins. Co.*, 690 F.3d 698, 702 (5th Cir. 2012) (citing FED. R. CIV. P. 23(a)). In addition, plaintiffs must meet at least one of the requirements of Rule 23(b). *Id.* Here, it appears that Plaintiff intends to rely on a showing of predominance under 26(b)(3), "which requires that questions of law or fact common to the class predominate over questions affecting

only individual members, and that a class action is superior to other available methods for the fair and efficient adjudication of the controversy." *Id.*

The question before the Court is thus whether call data for the Other Calls is relevant to the determination of the threshold requirements of Rule 23.

### III. ANALYSIS

#### A. Relevance of Plaintiff's Requests

The Court finds that, subject to Plaintiff's agreement to limit the temporal scope of her requests to calls made in 2021, the requested discovery regarding the Other Calls is relevant and proportional to the needs of the case. This information directly concerns class certification issues such as numerosity of class members, commonality of the issues, and predominance. Call lists and individual contact information for all putative classes will reveal whether "the class is so numerous that joinder of all members is impracticable." *See* FED. R. CIV. P. 23(a)(1). Further, information regarding the substance of Defendants' calls in connection with other marketing campaigns and whether other individuals on the Do-Not-Call Registry received those calls directly informs whether potential claims "depend on a common contention" and which issues will predominate should the classes be certified. *Ahmad*, 690 F.3d at 702 (discussing showings required for commonality and predominance).

Defendants assert in their Response that discovery regarding the Other Calls is premature because information related to other putative class members "is not relevant unless and until a class is certified." Resp. 11. District courts, however, routinely permit precertification discovery of call lists and call data in TCPA class actions. *See, e.g., Thomas v. Fin. Corp. of Am.*, No. 3:19-cv-152-E-BK, 2019 WL 5157022, at *2 (N.D. Tex. Oct. 10, 2019) (finding information regarding call lists and call data in putative TCPA class action was relevant and proportional to class

6

certification issues such as numerosity, commonality, and typicality); *Warren v. Credit Pros Int'l Corp.*, No. 3:20-cv-763-TJC-MCR, 2021 WL 3552254, at *8 (M.D. Fla. Apr. 26, 2021) ("Plaintiff is also entitled to receive—prior to class certification—the documents and information related to the call logs, transmission summaries, outbound call lists, and the information contained therein bearing on Defendant's communications with the putative class members"); *Johnson v. Moss Bros. Auto Group, Inc.*, No. 5:19-cv-2456-FMO-SP, 2020 WL 6565315, at *7 (C.D. Cal. Sept. 14, 2020) (holding plaintiff in putative TCPA class action "entitled to some class-wide discovery" at precertification stage and finding call logs, dial lists, and other documents concerning prerecorded messages relevant to issues of numerosity and commonality); *Medina v. Enhanced Recovery Co., LLC*, No. 2:15-cv-14342, 2017 WL 5196093, at *3 (S.D. Fla. Nov. 9, 2017) ("Outbound call lists are relevant in TCPA class actions to establish the numerosity and commonality requirements for class certification under Rule 23, as well as to prove the merits of Plaintiffs' claims."); *Doherty v. Comenity Capital Bank*, No. 3:16-cv-1321-H-BGS, 2017 WL 1885677, at *4 (S.D. Cal. May 9, 2017) (finding "outbound dial lists are relevant to establish the issues of numerosity and commonality under Federal Rule of Civil Procedure 23(a) and are therefore discoverable.").

Defendants argue that discovery should be limited to the specific calls received by Plaintiff regarding the Southlake Event. But the TCPA does not contemplate a content-based restriction on actionable calls—it prohibits *all* calls sending prerecorded messages to certain individuals without consent, regardless of the content of the messages. Defendants' proposed approach of limiting discovery to information pertaining only to the named plaintiff in a putative TCPA class action "ignores the basic proposition that a class action is an exception to the usual rule that litigation is conducted by and on behalf of the individual named parties only." *Warren*, 2021 WL 3552254 at *8 (quoting *Medina*, 2017 WL 5196093 at *3). Moreover, the fact that a disputed discovery

7

request "may reveal contact information for putative class members prior to a ruling on any motion for class certification is not fatal to the discovery request." *Lefevre v. Connextions, Inc.*, No. 3:13-cv-1780-D-BF, 2014 WL 11515718, at *2 (N.D. Tex. May 5, 2014) (citing *Hoffmann-La Roche, Inc. v. Sperling*, 493 U.S. 165, 170 (1989) (holding district court did not err in allowing precertification discovery of identity and contact information for putative plaintiffs)).

Finally, Defendants argue that discovery on the Other Calls and recipients thereof should not be permitted because it seeks to identify potential class members of uncertifiable classes. Defendants "essentially seek to litigate Rule 23 class certification prematurely." *Doherty*, 2017 WL 1885677, at *4. While Defendants may ultimately prevail on these arguments, they are premature at this juncture "given that discovery is still ongoing and no motion for class certification has yet been filed." *Id.*

### B. Defendants' Specific Objections

Finding that the requested information is both relevant and proportional to the needs of the case, the Court turns to Defendants' objections. As discussed above, the interrogatories and requests for production at issue effectively seek information regarding the Other Calls made to individuals in each of the four classes, including personal identifiable information for individuals on the call list, dialing data, and information on the substance of the call, such as the prerecorded message itself or a call script. *See* Interrogatory Nos. 1, 5; RFPs 11-13 (Ex. A at 1-2, 5, 9). While Defendants argue in their Response to Plaintiff's Motion that producing this information would be unduly burdensome, premature, and outside the scope of precertification discovery, they do not assert these objections in their written discovery responses. Rather, the only objection Defendants assert to the disputed RFPs is that the requests seek information that is "proprietary and a trade secret." *Id.* Defendants object to Interrogatory 1 as unduly burdensome and object to Interrogatory

8

5 as overbroad and not relevant. *Id.* at 4. Having already decided that the information sought is relevant and sufficiently tailored to class certification issues, Defendants' objections to Interrogatory 5 are overruled.

Defendants' remaining objections are undercut by their own prior production. Though Defendants object to all of the disputed requests as seeking "information that is proprietary and a trade secret," Defendants admit that they have already produced "call logs providing the names, addresses, and phone numbers of more than 9,000 recipients who received the same [prerecorded voice message] as Plaintiff." Resp. 11. It is unclear how producing contact information for recipients of the Other Calls would implicate confidentiality concerns where production of the same exact information for the Southlake Calls did not. To the extent Defendants are concerned about privacy or proprietary data, they may produce call data and dialing information separately from individual contact information as described during the hearing. *See* Jan. 12, 2022 Hr'g Tr. 15:2-7. Accordingly, Defendants' confidentiality-based objections to RFPs 11-13 and Interrogatory Nos. 1 and 5 are overruled, and Defendants are ordered to produce the requested information for the Other Calls.

Finally, Defendants object that identifying the telephone calls made to putative class members in response to Interrogatory No. 1 would be unduly burdensome. However, Defendants' counsel clarified at the hearing that Defendants did not intend to make an argument regarding undue burden. *Id.* at 21:12-20. But to the extent Defendants' objection is rendered moot by counsel's representation, it is overruled.

### IV. CONCLUSION

The Court **GRANTS IN PART** Plaintiff's Motion to Compel Discovery Responses. To the extent they have not already done so, Defendants are **ORDERED** to produce the requested

9

information for calls made regarding the Southlake Event and Other Events for the period beginning January 1, 2021 to the present. Defendants shall comply by **February 7, 2022**. All relief not expressly granted is **DENIED**.

    **SO ORDERED.**

    SIGNED January 21, 2022.

_____
**KAREN GREN SCHOLER**
**UNITED STATES DISTRICT JUDGE**