IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | |
|---|---|
| **KIMBERLY STARLING**, on behalf of herself and all others similarly situated,<br><br>                 *Plaintiff*,<br>v.<br><br>**KEYCITY CAPITAL, LLC and TIE LASATER,**<br><br>                 *Defendants*. | Civil Case No.: 3:21-cv-818-S |

### DEFENDANTS' OPPOSED MOTION TO MODIFY SCHEDULING ORDER AND REQUEST FOR IMMEDIATE STATUS CONFERENCE

Pursuant to Federal Rule of Civil Procedure 16(b)(4), Defendants file this Opposed *Motion to Modify Scheduling Order* and request an immediate status conference with the Court and all parties of record.

### MOTION TO MODIFY SCHEDULING ORDER

1. On August 31, 2021, this Court entered a Scheduling Order in this proposed class action case [Dkt. 28].

2. The Scheduling Order set Plaintiff's expert witness disclosure deadline for January 5, 2022.

3. On January 4, 2022, Plaintiff's counsel requested to modify the Scheduling Order in light of Plaintiff's Motion to Compel Discovery Responses [Dkt. 33] and the hearing before the Court on that motion, which was held on January 12, 2022 [Dkt. 40.][1]

---

[1] The Scheduling Order provides that parties may, by written agreement, alter the deadlines in paragraph 3 of the Scheduling Order without the need for court order. [Dkt. 28 at ¶ 3].

Page 1

4. That same day, the parties, by written agreement, agreed to modify the deadline for Plaintiff's disclosure of expert witnesses to 21 days after the production of documents responsive to Plaintiff's Motion to Compel, or February 28, 2022. That extension provided Plaintiff with an additional eight weeks for expert disclosure.

5. The parties also agreed to amend the deadline for Defendants' disclosure of expert witnesses to 30 days after Plaintiff's deadline, or March 30, 2022, which is approximately half the time of Plaintiff's extension.

6. The rest of the Scheduling Order remained unmodified, with the deadlines for Plaintiff's Motion for Class Certification and the deadline for serving discovery requests set for April 1, 2022—just seven months after the Court entered the Scheduling Order. *See* [Dkt. 28 at ¶ 3(f)-(g)]. The motions deadline, including any objections to expert testimony, is set for July 1, 2022. *Id.* at ¶ 3(h).

7. "A schedule may be modified only for good cause and with the judge's consent." FED. R. CIV. P. 16(b)(4). The Court has already stated that it would be inclined to modify the Scheduling Order at the hearing on Plaintiff's Motion to Compel. Further, Defendants have good cause for the requested modifications.

8. "The good cause standard requires a party seeking relief to show that the deadlines cannot reasonably be met despite the diligence of the party needed the extension." *S & W Enters, L.L.C. v. SouthTrust Bank of Ala., N.A.,* 315 F.3d 533, 535 (5th Cir. 2003) (internal quotations omitted). The four factors determinative of a showing for good cause under Rule 16(b) include: "(1) the explanation for the failure to complete discovery on time, (2) the importance of the amendment to the scheduling order, (3) the potential prejudice in allowing the amendment, and (4) the availability of a continuance to cure such prejudice." *Integracolor, Ltd. v. McClure*, No. 3:13-

cv-4357-B, 2014 WL 4209577, at *2 (N.D. Tex. Aug. 26, 2014) (citing *Leza v. City of Laredo*, 496 F. App'x 375, 376 (5th Cir. 2012)).

9. In *Integracolor*, the Court found good cause to modify the scheduling order under similar facts as this case. A motion to compel discovery was filed approximately two months prior to the discovery deadline, the movant argued that it needed "additional time to analyze the additional documents and that, because of information contained in the additional documents, it needs to take additional depositions to prepare Plaintiff's expert report"; and the movant needed to re-serve a non-party subpoena. *See Integracolor*, 2014 WL 4209577, at *2.

10. In this case, discovery has only recently begun. To date, only two witnesses have been deposed in this case, Plaintiff and a non-party witness, Mobilesphere. There are two depositions scheduled for March 2, 2022, and there are two other depositions potentially scheduled for late-March. In addition to those four depositions (two of which are not even scheduled), Defendants are aware of at least four other fact depositions they would like to take.

11. In early February, after Defendants learned of additional relevant documents and witnesses at Plaintiff's deposition on January 24, Defendants served two non-party subpoenas for documents and depositions, which are being challenged, and must be resolved in order for Defendants to conduct adequate discovery. One non-party moved out of state for a new job and has further objected to the subpoenas. The other non-party witness has requested two extensions to file a Motion to Quash. The briefing on the expected motions to quash and motions to compel relating to the two subpoenas has not even yet begun.

12. On February 28, 2022, Defendants received documents responsive to discovery requests propounded on Plaintiff and received Plaintiff's two expert reports. Defendants expect to notice more depositions and issue more subpoenas based on Plaintiff's production of documents

and expert witness reports.

13. Further, Defendants expect that, after the four depositions currently scheduled or awaiting scheduling, it will be necessary to conduct further written discovery and to take additional depositions on the subject matter elicited from witness testimony.

14. On March 1, 2022, the day after Defendants received Plaintiffs' expert reports, Defendants met with potential expert witnesses who stated that complying with the Defendants' current expert witness deadlines would be all but impossible, given the vast amount of data in this case; the expert witness' resources; and the time required to review and analyze, for example, the facts, data, documents, and testimony in this case, the arguments by the parties, and Plaintiff's two expert reports.  Those expert witnesses also stated that they could not engage in this case under the current scheduling deadlines.

15. Defendants have been diligent in meeting the deadlines set forth in the Scheduling Order, but factors outside Defendants' control have rendered compliance unmanageable. For example, Defendants deposed Plaintiff on January 24, 2022; Defendants have propounded several sets of discovery on Plaintiff; Defendants have served two non-party subpoenas; and Defendants have responded to several sets of discovery and produced more than 8,000 documents to date with two more sets of discovery to which Defendants must respond later this month.  Simply put, there is more discovery  Defendants need to propound and to which Defendants must respond than is manageable under the current deadlines.

16. Plaintiff's most recent settlement demand in this proposed class-action case was millions of dollars.  Defendants would be prejudiced in defending this case with the current impending deadlines and effectively must conduct all discovery, retain experts, review and analyze both parties' expert-witness reports, and generally gather and rebut any and all evidence necessary

to their certification defenses in a span of three months.

17. Given the amount of controversy, the novel legal theories and issues presented by this case, the voluminous documents and data at issue, the necessity of subpoenaing nonparties, and the importance of conducting diligent discovery and retaining qualified experts, modifying the Scheduling Order is of upmost importance to Defendants' defense of this case and their due process. Plaintiff will not be prejudiced by modification and, even if Plaintiff was, such prejudice could be cured by a continuance. Defendants have diligently litigated this case and there is good cause to allow modification of the Scheduling Order.

18. Moreover, this case is set for trial on the Court's three-week docket beginning February 6, 2023. [Dkt 28 at ¶ 1]. There is a sufficient amount of time both to modify the current deadlines set forth in the Scheduling Order and to keep this case on track for the February 6, 2023, trial setting.

19. Defendants therefore respectfully request the Court to modify the deadlines in paragraph 3 of the Scheduling Order to dates agreeable by all parties of record at a status conference. Defendants propose that: (1) the motions deadline, including any objections to expert testimony, be modified to October 1, 2022, which is more than 120 days before trial, per the Scheduling Order [Dkt 28 at ¶ 3(h)]; (2) the discovery deadline be modified to September 1, 2022; (3) the Motions for Rule 23 Class Certification deadline be modified to August 1, 2022; (4) the disclosure of rebuttal experts deadline be modified to July 1, 2022; and (5) the disclosure of opposing experts be modified to June 1, 2022.

### **REQUEST FOR IMMEDIATE STATUS CONFERENCE**

20. In light of the immediacy of critical impending deadlines (including Defendants' expert disclosures and Plaintiff's motion for class certification), a typical briefing schedule would

**Page 5**

render this motion moot. Defendants therefore respectfully request the Court to schedule a status conference as soon as possible regarding the proposed modifications to the Scheduling Order so that Defendants can further explain to the Court the necessity of such modifications and so that all parties may participate in deciding future deadlines.

WHEREFORE, Defendants respectfully request that the Court immediately set a status conference to modify the Scheduling Order [Dkt. 28].

Dated: March 2, 2022.                    Respectfully submitted,

**COCHRAN LAW PLLC**

/s/ Stuart L. Cochran
Stuart L. Cochran
Texas Bar No.: 24027936
Blake E. Mattingly
Texas Bar No.: 24104229
8140 Walnut Hill Ln., Suite 250
Dallas, Texas 75231
Telephone: (469) 333-3405
Facsimile: (469) 333-3406
stuart@scochranlaw.com
blake@scochranlaw.com

**CERTIFICATE OF CONFERENCE**

On March 1, 2022, the undersigned conferred with counsel for Plaintiff, Chris Miltenberger, via telephone regarding this Motion to Modify Scheduling Order, and counsel for Plaintiff stated that Plaintiff is opposed to Defendants' motion. The undersigned followed up with an e-mail asking Mr. Miltenberger if he was opposed to this Defendants' motion, as well. No response was received by the deadline set forth in the undersigned's e-mail further indicating that Plaintiff opposes this motion.

/s/ Stuart L. Cochran
Stuart L. Cochran

## **CERTIFICATE OF SERVICE**

      This is to certify that on March 2, 2022, a true and correct copy of the above and foregoing was electronically filed using the CM/ECF system, which will send notification of this filing to all counsel of record who are registered to receive such notifications.

                                             */s/ Stuart L. Cochran*
                                             Stuart L. Cochran